McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
100 Mulberry Street
Three Gateway Center
Newark, New Jersey 07102
(973) 622-7711
Attorneys for Plaintiff,
The Lincoln National Life Insurance Company

By _____
   Steven P. Del Mauro, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. |
| vs. | |
| ALEX G. SCHLEIDER, | |
| Defendant. | |

**CIVIL ACTION - COMPLAINT**

Plaintiff, The Lincoln National Life Insurance Company ("Lincoln"), through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, for its Complaint against the defendant, alleges and states as follows:

## PARTIES

1. Lincoln is a corporation organized under the laws of the State of Indiana, maintaining its principal place of business at 1300 South Clinton Street, Fort Wayne, Indiana 46802.

2. Alex G. Schleider ("Schleider") is an individual who resides at 1011 Lawrence Avenue, Lakewood, New Jersey 08701.

## JURISDICTION AND VENUE

3. Lincoln is a citizen of the State of Indiana within the meaning and intent of 28 U.S.C. § 1332.

4. Schleider is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

5. This Court has jurisdiction of and over the subject matter of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties in that it is wholly between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over the defendant because he resides in New Jersey and the acts that formulate the basis for this lawsuit occurred in New Jersey.

7. This action has been properly venued in this District Court pursuant to 28 U.S.C. §1391.

## FIRST COUNT

8. Lincoln is the issuer of insurance products (the "Policies").

9. Schleider executed a Producer Agreement to act as an insurance producer on behalf of Lincoln, which Producer Agreement was effective on July 1, 2008. The Producer

Agreement is fully incorporated herein by reference as if the same were fully set forth at length.

10. The Producer Agreement authorizes Schleider to, among other things, solicit sales of the Policies in all jurisdictions in which the Policies may legally be issued using forms, rate and guidelines provided by Lincoln, and in which the Producer is properly licensed under state law and appointed under existing guidelines of Lincoln.

11. Under the terms of the Producer Agreement, Schleider was to receive compensation in the form of commissions.

12. Paragraph 18(a) of the Producer Agreement, entitled "Commissions," states, in relevant part:

> Commissions shall accrue only after issuance and delivery of the contract, after the due date of the premium and after the premium is received by Lincoln. Commissions on premiums paid in advance shall accrue only on the regular premium due dates of such premiums.

13. Paragraph 21 of the Producer Agreement, entitled "Indebtedness," provides:

> (a) Lincoln is authorized, at any time either before or after the termination of the Agreement, to deduct compensation due from Lincoln to the Producer, whether payable hereunder or with respect to the policies which are both administered and co-insured by the Company, the entire amount of any funds, including, but not limited to, advances or debts, owed by the Producer to Lincoln or its affiliates, associates, parents or subsidiaries, but only to the extent of the actual amount owed by the Producer as determined by Lincoln.
>
> (b) Any compensation, regardless of how characterized, paid to the Producer for premiums or considerations, including rollover amounts, later returned or credited to the customer, or any overpayment of such compensation shall be a debt due to Lincoln from the Producer and payable in accordance with (a) above.
>
> (c) In addition to all other rights available to Lincoln as a creditor, Lincoln shall have a first lien on all compensation payable under the Agreement for any of the funds, advances or debts described herein.
>
> (d) To the extent that any compensation due the Producer from Lincoln is insufficient to cover advances or other debts, the difference shall become a debt due and payable immediately to Lincoln unless other arrangements

3

have been made with Lincoln.  At the sole discretion of Lincoln, interest, at a lawful rate to be determined by Lincoln, shall thereupon begin to accrue.

(e)   In the event Company initiates collection efforts or legal action to collect any indebtedness of Producer or its agents, Producer shall reimburse Company for reasonable attorney fees and expenses in connection therewith.  As used in Section, "Company" shall be deemed to refer to, and shall include, all affiliates of the Lincoln National Life Insurance Company.

14.   On or about August 22, 2008, Schleider solicited a policy of life insurance, for which Lincoln issued policy number JJ7038207 (the "Relevant Policy").

15.   Pursuant to the Provider Agreement, Lincoln paid Schleider a commission in the amount of $198,000.00 (the "Commission") in connection with the sale of the Relevant Policy.

16.   Subsequent to payment of the Commission to Schleider, the Relevant Policy lapsed prematurely, thereby rendering the Relevant Policy terminated.

17.   Under the terms of the Provider Agreement, Schleider is required to repay to Lincoln the amount of the Commission he received.

18.   By Statement dated February 6, 2009, Lincoln notified Schleider that repayment of the Commission is due.

19.   By letter dated March 24, 2009, Lincoln requested repayment by Schleider, as follows:

> Please be advised that you have a debt balance in the amount of ($198,000.00), incurred during statement period 2/6/2009.  Changes were made to the above-referenced policy or agent I.D. due to the reason indicated below.  As a result, a charge back was created.  This debt balance may have decreased due to earning or adjustments.
>
> *Policy – Lapsed*
>
> We would like to work with you to reconcile this debt as soon as possible.  Please submit your full payment in the amount of ($198,000.00) to the address below....

20. By letter dated May 4, 2009, Lincoln again requested repayment by Schleider, as follows:

> Please be advised that this is our second request for payment of your outstanding debt balance in the amount of ($198,000.00).
>
> The initial debt balance can be found on your 2/6/09 commission statement and may have decreased due to new business/ earnings.
>
> We would like to work with you to resolve this matter, so please submit full payment or contact us to establish a repayment plan by 5/19/2009. If we do not hear from you or receive payment by the date specified, your debt will be forwarded to a collection agency....

21. The Commission from Schleider remains due and owing to Lincoln.

22. Schleider has breached the Producer Agreement by failing to repay the Commission to Lincoln.

23. As a result of Schleider's failure to repay the Commission, Lincoln has been damaged.

**WHEREFORE** Lincoln demands judgment against the defendant for relief more particularly described as follows:

a) An order providing a monetary judgment in favor of Lincoln in an amount to be determined at the time of trial representing the amount of the Commission paid, interest, and reasonable attorney fees and expenses; and

b) An order awarding post judgment interest and such other relief as the Court deems equitable and just.

## SECOND COUNT

24. Lincoln repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if same were set forth at length herein.

25. Schleider is indebted to Lincoln in the amount of $198,000.00 plus interest, which amount represents a book account.

26. Lincoln has made repeated demands upon Schleider for the monies due and owing to Lincoln, and Schleider has failed and/or refused to pay Lincoln the monies due and owing.

27. As a direct and proximate result of Schleider's failure and/or refusal to pay all sums due and owing under the book account, Lincoln has sustained damages.

**WHEREFORE** Lincoln demands judgment against the defendant for relief more particularly described as follows:

    a) An order providing a monetary judgment in favor of Lincoln in an amount to be determined at the time of trial representing the amount of the Commission paid, interest, and reasonable attorney fees and expenses; and

    b) An order awarding post judgment interest and such other relief as the Court deems equitable and just.

## THIRD COUNT

28. Lincoln repeats and realleges each and every allegation contained in paragraphs 1 through 27 as if same were set forth at length herein.

29. Schleider is indebted to Lincoln in the amount of $198,000.00 plus interest, which amount represents an account stated, agreed to and/or acquiesced in by Schleider.

30. Lincoln has made repeated demands upon Schleider for the monies due and owing to Lincoln, and Schleider has failed and/or refused to pay Lincoln the monies due and owing.

31. As a direct and proximate result of Schleider's failure and/or refusal to pay all sums due and owing on the account stated, Lincoln has sustained damages.

**WHEREFORE** Lincoln demands judgment against the defendant for relief more particularly described as follows:

    a)    An order providing a monetary judgment in favor of Lincoln in an amount to be determined at the time of trial representing the amount of the Commission paid, interest, and reasonable attorney fees and expenses; and

    b)    An order awarding post judgment interest and such other relief as the Court deems equitable and just.

### FOURTH COUNT

32. Lincoln repeats and realleges each and every allegation contained in paragraphs 1 through 31 as if same were fully set forth at length herein.

33. Lincoln's payment of the Commission conferred a benefit upon Schleider.

34. Schleider had knowledge and appreciation of the benefit conferred upon him by Lincoln.

35. It would be inequitable for Schleider to be permitted to retain the Commission paid to him.

36. Schleider has been unjustly enriched to the extent that he has enjoyed the use and benefit of the Commission.

**WHEREFORE** Lincoln demands judgment against the defendant for relief more particularly described as follows:

      a)    An order providing a monetary judgment in favor of Lincoln in an amount to be determined at the time of trial representing the amount of the Commission paid, interest, and reasonable attorney fees and expenses; and

      b)    An order awarding post judgment interest and such other relief as the Court deems equitable and just.

## FIFTH COUNT

37.    Lincoln repeats and realleges each and every allegation contained in paragraphs 1 through 36 as if same were fully set forth at length herein.

38.    The amount of $198,000.00 is the money and/or property of Lincoln.

39.    Schleider has maintained unlawful possession and custody of the money and/or property of Lincoln.

40.    Lincoln has made repeated demands upon Schleider to return its money and/or property.

41.    Despite Lincoln's repeated demands, Schleider has continued to maintain unlawful possession of the money and/or property that belong to Lincoln and to which Schleider is not legally entitled.

42.    Schleider has wrongfully converted money and/or property that belong to Lincoln.

**WHEREFORE** Lincoln demands judgment against the defendant for relief more particularly described as follows:

      a)    An order providing a monetary judgment in favor of Lincoln in an amount to be determined at the time of trial representing the amount of the Commission paid, interest, punitive damages, and reasonable attorney fees and expenses; and

    b)  An order awarding post judgment interest and such other relief as the Court deems equitable and just.

McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>
Attorneys for Plaintiff,<br>
The Lincoln National Life Insurance Company<br><br>
By: _____<br>
    Steven P. Del Mauro

Dated: February 11, 2010